IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

KELLY ARKADIE                     §
  REG. NO. 43494-080            §
                                  §
V.                                §        C.A. NO. C-05-145
                                  §
UNITED STATES OF AMERICA          §

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff is a federal prisoner currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.  In his original complaint, plaintiff alleged that his sentence was wrongfully enhanced for mere possession of a firearm.  (D.E. 1).  Plaintiff challenged his conviction in a § 2255 proceeding before this Court, but that action was dismissed as untimely.  He now seeks damages for the alleged unlawful enhancement in the amount of $5,000.00 a day, plus punitive damages.

Plaintiff's complaint was filed on March 21, 2005.  (D.E. 1).  By notice dated March 23, 2005, plaintiff was instructed to pay the $250.00 civil filing fee, or to submit a properly completed application to proceed *in forma pauperis* (i.f.p.).  On April 7, 2005, plaintiff filed a motion to proceed i.f.p.  (D.E. 5).  Plaintiff's inmate trust fund account statement revealed that his account balance over the last six months was $571.68.  Finding that plaintiff could pay the filing fee, the Court

denied his i.f.p. application, and ordered him to pay the $250.00 filling fee within twenty days, which was by May 16, 2005.  (D.E. 5).

Plaintiff moved for reconsideration of the order denying his motion to proceed i.f.p.  (D.E. 8).  By Order entered May 10, 2005, the Court denied plaintiff's motion for reconsideration.  (D.E. 10).  In its Order, the Court specifically noted that plaintiff's restitution payment of $8.34 a month was not significant in light of the $60.00 a month he receives from work and friends, and his large account balance.  Id.  In addition, it was noted that, on the face of his complaint, plaintiff's claims appeared frivolous as he is attempting to collaterally attack the denial of his § 2255 motion.  Id.  Plaintiff was afforded ten days, until May 24, 2005, to pay the full filling fee.  Id.  He was advised that failure to comply timely would result in the dismissal of his case for failure to prosecute.  Id.

To date, plaintiff has not paid the filing fee.  On July 19, 2005, plaintiff was ordered to show cause within ten days of the date of entry of the order, that is by August 2, 2005,  why this action should not be dismissed for failure to prosecute. (D.E. 11).  On July 28, 2005, plaintiff filed a pleading entitled "Petition to Show Cause," that was construed as a second motion for  reconsideration of the order denying plaintiff i.f.p. status.  (D.E. 12).  On August 29, 2005, plaintiff's second motion for reconsideration was denied, (D.E. 13), and, once more, plaintiff was

afforded ten days to respond to the show cause order, that is, by September 13, 2005.  That deadline has run, and plaintiff has failed to respond to the show cause order.[1]

An action may be dismissed if the plaintiff fails to prosecute it or to comply with any order of court.  FED. R. CIV. P. 41(b).  In this case, plaintiff has repeatedly refused to pay the civil filing fee and has therefore failed to comply with orders of this Court.  Accordingly, it is respectfully recommended that plaintiff's action be dismissed for want of prosecution.

Respectfully submitted this 15th day of September 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] On September 8, 2005, plaintiff filed a motion for entry of order, directed to the United States Supreme Court.  (D.E. 14).  That pleading was struck.  (D.E. 15).

3

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).